IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN DECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-3925 |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean Decker ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 17], the Commissioner's motion is denied [dkt. 19], and the case is remanded for further proceedings consistent with this opinion.[1]

Plaintiff was involved in a motor vehicle accident in 2005.[2] (R. 243.) Much of Plaintiff's medical treatment centers around his issues with a back injury and degenerative disc disease that followed his motor vehicle accident. Plaintiff filed for disability insurance benefits, Supplemental Security Income, and child's insurance benefits under the Social Security Act. *Decker*, 2013 WL 5300641, at *1. Plaintiff's application was denied, and he filed an appeal seeking judicial review in the United States District Court for the Northern District of Illinois. *Id.* Magistrate Judge Young B. Kim remanded Plaintiff's case for further proceedings. *Id.* at *15. Among the reasons Judge Kim remanded the case was the Administrative Law Judge's ("ALJ") failure to appropriately weigh

---

[1] The Court construes Plaintiff's Memorandum in Support of Reversing the Decision of the Commissioner of Social Security as a motion for summary judgment.

[2] For a detailed recitation of the facts of this case, the Court refers to Magistrate Judge Young B. Kim's previous opinion, in which he ably and thoroughly summarized Plaintiff's treatment history and his treating physicians' opinions. *Decker v. Colvin*, No. 12-cv-4040, 2013 WL 5300641, at *1-7 (N.D. Ill. Sept. 19, 2013).

Plaintiff's treating physicians' opinions. *Id.* at *8-10. Regarding the opinion of Plaintiff's treating spinal surgeon, Dr. George DePhillips, Judge Kim ordered that "[b]efore discounting Dr. DePhillips's opinion, the ALJ must consider all of the factors listed in 20 C.F.R. § 404.1527(c) and 20 C.F.R. 416.1527(c), and not just those that diminish that opinion." *Id.* at *9. Similarly, regarding Plaintiff's treating pain management specialist, Dr. Samil Sharma, Judge Kim also stated that "[o]n remand, the ALJ should reassess whether Dr. Sharma's opinion is entitled to controlling weight, and, if not, should consider the regulatory factors listed in 20 C.F.R. § 404.1527(c), 416.1527(c) to determine what if any weight is due." *Id.* at *10.

After remand, Plaintiff had another administrative hearing. (R. 538.) The ALJ denied Plaintiff's claims, but the Appeals Council for the Social Security Administration remanded the case for resolution by a different ALJ. (R. 538.) An additional hearing was held before ALJ William Spalo on October 5, 2016. ALJ Spalo (hereinafter, "the ALJ") found that Plaintiff was not disabled. In reaching this decision, the ALJ considered the opinions of Plaintiff's treating physicians. Regarding Dr. DePhillips, the ALJ's discussion is diffuse and slightly unclear. However, the ALJ found that the "[o]pinions proffered by Dr. DePhillips in the latter months of 2007, that the claimant is off work, unable to return to work, and not capable of meaningful employment, are given little weight as they are not consistent with the longitudinal record as described above and beyond that, they concern issues which are reserved to the Commissioner." (R. 552.) The ALJ also gave little weight to Dr. DePhillips's February 2010 medical source statements due to a "lack of evidentiary support."[3] (R. 549.) The ALJ further gave little weight to Dr. Sharma's opinions that Plaintiff "would be subject to good and bad days and would have significant difficulty traveling to work or

---

[3] The ALJ did find that Dr. DePhillips's 2006 opinion that Plaintiff could perform work "requiring a significant level of physical demand" should be "given weight" because it was supported by the "dearth of objective findings" that would suggest greater limitations on Plaintiff, despite the fact that the 2006 opinion predated a March 2007 lumbar discogram that showed a grade V tear at the L4-S1 levels with internal disc disruption. (R. 547-548.) Setting aside the logical problems with giving weight to the earliest available opinion while giving no weight to the later opinions – which are informed by additional diagnostic testing for a condition that can worsen over time – the ALJ still failed to assign a specific weight to the opinion or consider any of the regulatory factors discussed herein.

2

even performing ordinary household chores and activities of daily living on bad days" because these opinions "are just not reflected in his treatment notes." (R. 549.) However, Dr. Sharma's treatment notes from 2008 limiting Plaintiff to lifting 25 pounds were "afforded weight to the extent consistent with the above-noted residual functional capacity." (R. 548.)

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 416.927(c). Because of a treating physician's greater familiarity with the claimant's condition and the progression of his impairments, the opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent with other substantial evidence in the record.[4] 20 C.F.R. § 416.927(c)(2); *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. An ALJ must provide "good reasons" for how much weight he gives to a treating source's medical opinion. *See Collins v. Astrue*, 324 Fed. Appx. 516, 520 (7th Cir. 2009); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our…decisions for the weight we give your treating source's opinion."). When an ALJ decides for "good reasons" not to give controlling weight to a treating physician's opinion, he must determine what weight to give to it and other available medical opinions in accordance with a series of factors, including the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the supportability of the opinion; and the consistency of the physician's opinion with the record as a whole. *Yurt v. Colvin*, 758 F.3d at 860; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); see 20 C.F.R. § 416.927(c)(2)-(6). An ALJ must provide "sound explanation" for the weight he gives each opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If he does not discuss each factor explicitly, the ALJ should demonstrate that he is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 F. App'x 951, 959

---

[4] A recent change to the Administration's regulation regarding weighing opinion evidence will eliminate this rule, commonly known as the "treating physician rule," for new claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

(7th Cir. 2013).

These are the very factors that Judge Kim clearly and explicitly instructed the ALJ to consider in his remand order. Nonetheless, the ALJ's opinion is entirely bereft of any discussion of these factors, much to the puzzlement of this Court. Therefore, because the ALJ failed to follow the Judge Kim's clear mandate regarding the proper steps in weighing opinion evidence, the ALJ's opinion is reversed, and this case is remanded for further proceedings consistent with this opinion.[5]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted [dkt. 17], the Commissioner's motion is denied [dkt. 19], and the case is remanded for further proceedings consistent with this opinion.

ENTERED: 6/26/2018

_____
U.S. Magistrate Judge, Susan E. Cox

---

[5] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.